Filed 1/24/22  P. v. Ruiz CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALEJANDRO RUIZ,<br><br>    Defendant and Appellant. | F080311<br><br>(Fresno Super. Ct. No. F08903937)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P. J., Franson, J. and Meehan, J.

**INTRODUCTION**

Appellant Alejandro Ruiz filed a petition to reduce his felony conviction for violating Vehicle Code section 2800.2, subdivision (a),[1] evading an officer with willful and wanton disregard for safety, to a misdemeanor. The court denied relief because his offense was not eligible for resentencing pursuant to the provisions of Proposition 47 and Penal Code section 1170.18.[2] On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

**FACTS[3]**

Around 2:30 a.m. on June 13, 2008, officers with the California Highway Patrol observed appellant traveling on his motorcycle and going through a stoplight. The officers activated the siren and lights on their patrol car and attempted to conduct a traffic stop. Appellant failed to pull over, and instead, accelerated to 70 miles per hour in a 50-mile an hour zone and drove through another red light. Appellant continued to evade the officers and reached speeds of 70 and 80 miles per hour, in a zone marked at 50 miles per hour.

Appellant turned into a residential area and went overspeed bumps at 40 miles an hour, and a second set of bumps at 30 miles an hour; the speed limit was 10 miles per hour. He drove through a stop sign, continued for two more miles, and eventually pulled into the driveway and parked at his residence.

---

[1] All further citations to "section 2800.2" are to the statute contained in the Vehicle Code.

[2] All further citations to "section 1170.18" are to the statute in the Penal Code.

[3] It appears a preliminary hearing was held but the transcript is not included in the appellate record. At the plea hearing, the parties stipulated to the police reports for the factual basis of the plea. The following facts are from the police reports, as quoted in the probation report.

Appellant was arrested and taken into custody.  His eyes were red and watery, his speech was slurred, and the officers could smell the strong odor of alcohol.  Appellant's license was suspended, and his blood-alcohol content was 0.09 percent.

## PROCEDURAL BACKGROUND

On June 16, 2008, a complaint was filed in the Superior Court of Fresno County charging appellant with count 1, felony evading an officer with willful and wanton disregard for safety (§ 2800.2, subd. (a)); count 2, misdemeanor driving under the influence (Veh. Code, 23152, subd. (a)); count 3, misdemeanor driving with a blood-alcohol level of 0.08 percent or higher (Veh. Code, § 23152, subd. (b)); and count 4, misdemeanor driving with a suspended or revoked license (Veh. Code, § 14601.5, subd. (a)).  Appellant pleaded not guilty.

On August 1, 2008, appellant was held to answer.  On August 13, 2008, an information was filed that charged appellant with the same four counts.

### Plea Proceedings

On September 18, 2008, appellant signed a change-of-plea form and pleaded no contest to felony count 1, felony evading with willful and wanton disregard, and misdemeanor counts 3 and 4, as charged in the information.  The parties stipulated that appellant's blood-alcohol content was 0.09 percent.  The court granted the People's motion to dismiss count 2 and an unrelated misdemeanor case.

### Sentencing Hearing

On October 17, 2008, the court suspended sentence for felony count 1, and placed appellant on three years of formal probation subject to certain terms and conditions.  The court revoked appellant's driver's license.  The court advised appellant:  "If you drink and drive in the future, become involved in an incident where a person is killed, you could be prosecuted for murder.  Do you understand that?"  Appellant said that he understood.

**PROPOSITION 47**

Proposition 47 was approved in November 2014, and "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 "also added … section 1170.18, which permits those previously convicted of felony offenses that Proposition 47 reduced to misdemeanors to petition to have such felony convictions resentenced or redesignated as misdemeanors." (*People v. Buycks* (2018) 5 Cal.5th 857, 870–871, fn. omitted.)

"The ultimate burden of proving section 1170.18 eligibility lies with the petitioner. [Citation.]" (*People v. Romanowski* (2017) 2 Cal.5th 903, 916.) In reviewing a section 1170.18 petition, "the court has no obligation to hold an evidentiary hearing where the petitioner's eligibility or ineligibility for relief is evident as a matter of law …." (*People v. Simms* (2018) 23 Cal.App.5th 987, 993.) "In many cases, the threshold issue of eligibility for relief … may be determined as a matter of law from the uncontested allegations of the petition or from the record of conviction. [Citations.]" (*Ibid.*)

**Appellant's Petitions**

At some point prior to January 30, 2018, appellant filed a petition with the superior court to reduce his felony conviction to a misdemeanor based on the enactment of Proposition 47, although the petition is not before this court. On January 30, 2018, the superior court denied the petition and found his felony conviction for violating section 2800.2, subdivision (a), was not eligible for reduction to a misdemeanor.

On September 9, 2019, appellant filed another petition for the superior court to reduce his felony violation of section 2800.2, subdivision (a) to a misdemeanor pursuant to the provisions of section 1170.18 and Proposition 47.

On October 2, 2019, the court again denied the petition, found appellant's felony conviction was not an offense eligible for reduction to a misdemeanor under section 1170.18, and stated that "no further Prop. 47 requests shall be considered."

On November 13, 2019, appellant filed a notice of appeal from the court's order of October 2, 2019.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on February 28, 2020, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[4]

## DISPOSITION

The court's order of October 2, 2019, denying appellant's petition for resentencing, is affirmed.

---

[4] It is undisputed that appellant was convicted of a felony violation of section 2800.2, subdivision (a). Appellant's conviction was for an offense which is not one of the enumerated statutes eligible for recall in section 1170.18, and a felony conviction remains unaffected by Proposition 47.