Filed 5/25/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JEREMY SIMMS,<br><br>  Defendant and Appellant. | A149575<br><br>(Mendocino County<br>Super. Ct. No. CR14-75767) |

  Jeremy Simms filed a partially successful Penal Code section 1170.18[1] petition to have four prior felonies reduced to misdemeanors pursuant to Proposition 47, but failed to obtain the requested reductions as to convictions for grand theft from the person and for burglary. During eligibility proceedings at which Simms was not present, the trial court found Simms was not eligible to have either of these convictions reduced to a misdemeanor because he failed to show that the dollar amount of the stolen property in either instance was $950 or less—the prerequisite for reduction under section 1170.18.

  Simms appealed this decision, contending (1) the trial court "misunderstood" the evidence presented to it concerning the amounts of money taken, (2) he was denied his constitutional and statutory rights to be present during the eligibility proceedings, and (3) his counsel provided ineffective assistance. Although we reject Simms's attack on the trial court's factual assessment of the record, we agree he was deprived of his right to be present for the determination of eligibility. We shall therefore vacate the trial court's

---

  [1] All statutory references are to the Penal Code unless otherwise stated.

ineligibility determination and remand for further proceedings. We do not reach his claim of ineffective assistance.

## I. BACKGROUND

On January 22, 2014, Jeremy Simms entered Jesus Vega's tire store and asked for a used tire. Vega heard the cash drawer close as he walked to the back of the store and returned to find Simms at the counter with his hand near the drawer. Simms then put what Vega believed to be money into his pocket, though Vega did not actually see Simms take any money. Vega accused Simms of stealing money from the cash drawer and threatened to call the police if he did not return it. Simms denied taking any money and walked to his car. As Simms got into his car, Vega tried to stop him from leaving by reaching to take his keys, but Simms pulled out pepper spray, sprayed Vega, and drove away.

After Simms left, Vega inspected the store's surveillance footage from the previous day (January 21) and saw footage of Simms entering the store and taking money out of the register that day as well. The video also showed Simms entering the store a second time on January 21 without taking anything.

A preliminary hearing was held on March 5, 2014, at which Vega, during a convoluted line of questioning, initially stated roughly $1,500 was taken from the cash drawer on both January 21 and 22. But he went on to say he told the investigating officers approximately $985 was missing on the 22nd and that he did not notice money was missing on the 21st because he did not have a chance to inventory the cash drawer until the night of the 22nd. He further stated he did check the drawer on the 21st and noticed that some money was missing, but did not inspect it closely enough to see exactly how much was missing. Vega concluded by saying he was not sure how much money was missing on the 21st or the 22nd because he did not tally up what was missing until the 22nd.

Based on these events at Vega's tire store on January 21 and 22, the People filed an information charging Simms with second degree robbery (§§ 211, 212.5, subd. (c)) (count one) (the January 22 incident) and two counts of second degree burglary (§§ 459,

2

460, subd. (b)) (counts two & three) (both incidents on January 21). The information alleged that Simms used a deadly or dangerous weapon—pepper spray—in the commission of the robbery (§ 12022, subd. (b)(1)). The information further alleged that Simms had a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12) and that he had served six prior prison terms (§ 667.5, subd. (b)).

As part of a plea bargain, the prosecutor moved to amend the robbery charge to grand theft from the person (§ 487, subd. (c)). Simms pleaded no contest to the amended charge as well as to the two burglary charges. He also admitted the prior strike and prior prison term allegations. As part of the bargain, Simms also pleaded no contest to receiving stolen property (§ 496) and admitted a prior strike conviction allegation in a second case; in a third case, Simms pleaded no contest to transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and admitted the allegations that he was released on his own recognizance at the time of the offense (§ 12022.1) and that he had a prior drug conviction (Health & Saf. Code, § 11370.2, subd. (c)) and a prior strike conviction. On these agreed terms, the trial court granted the prosecutor's motion to dismiss the remaining counts and allegations in all three cases, and accepted the pleas. As part of this negotiated disposition, the court sentenced Simms to a term of 23 years in prison.

Following his conviction and sentence, Simms filed a petition under section 1170.18, subdivision (a), without specifying the offenses for which he sought relief. The petition, which was purportedly filed "In Propria Persona" but signed "Linda Thompson for Jeremy Simms" stated that "Petitioner waives his/her right to be personally present for hearing on this petition in the event (1) the DA is not objecting, and (2) the Court is willing to grant the relief being requested." On the People's request for an evidentiary hearing, the court eventually held two hearings, on August 19 and September 9, 2016. Simms attended neither proceeding. At the first hearing, Simms's counsel argued the burglary convictions from January 21 should be reduced since there was no evidence showing the amount taken exceeded $950.

On September 9, 2016, the trial court granted the petition as to one of the burglary convictions arising from the January 21 incident—the one where the video showed Simms took nothing from the cash register—and the receiving stolen property conviction arising from a different case.  The court denied the petition as to the other burglary conviction from the 21st and the grand theft conviction from the 22nd.  The court imposed six-month concurrent terms on the counts that were resentenced to misdemeanors, reducing Simms's total sentence to 20 years, 4 months.

Simms filed a timely notice of appeal from the partial denial of his section 1170.18 petition.

## II.   DISCUSSION

### A.  Procedural Setting and Applicable Standards of Review

In November 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug and theft offenses to misdemeanors unless the offenses were committed by otherwise ineligible defendants.  (*Id.* at p. 1091.)  At issue in this case is one of the principal implementing provisions in Proposition 47, section 1170.18, which permits "a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47 [to] petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.)

For a defendant who is still serving his sentence, a section 1170.18 proceeding begins, as it did here, with the filing of a petition for recall and resentencing under subdivision (a). (See *People v. Sherow* (2015) 239 Cal.App.4th 875, 879.)  In the two-step procedure that follows (see *People v. Bush* (2016) 245 Cal.App.4th 992, 1001 (*Bush*)), the court initially undertakes a screening determination focused on whether the petitioner has made out a prima facie case for relief.  (*People v. Sledge* (2017) 7 Cal.App.5th 1089, 1094 (*Sledge*).)  At the screening stage, the petitioner bears the burden of proving the eligibility criteria set forth in subdivision (a). (*People v. Page* (2017) 3 Cal.5th 1175, 1188 (*Page*).)  If the court determines that he has done so, the proceeding

4

moves to the second step at which the court must recall the challenged sentence and resentence the petitioner to a misdemeanor, unless, in its discretion, it "determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b); see *People v. Jefferson* (2016) 1 Cal.App.5th 235, 239–240 (*Jefferson*).)

In many cases, the threshold issue of eligibility for relief under section 1170.18, subdivision (a) may be determined as a matter of law from the uncontested allegations of the petition or from the record of conviction. (*Page*, *supra*, 3 Cal.5th at p. 1189; *People v. Romanowski* (2017) 2 Cal.5th 903, 916 (*Romanowski*).) While the court has no obligation to hold an evidentiary hearing where the petitioner's eligibility or ineligibility for relief is evident as a matter of law, " '[a]n evidentiary hearing is required if . . . there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact.' " (*Sledge*, *supra*, 7 Cal.App.5th at p. 1095.) The test is whether " 'after considering the verified petition, the return, any denial, any affidavits or declarations under penalty of perjury, and matters of which judicial notice may be taken, the court finds there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact.' " (*Romanowski, supra,* 2 Cal.5th at p. 916.)

A contested Proposition 47 eligibility hearing is a "type of sentencing proceeding" (*Sledge*, *supra*, 7 Cal.App.5th at p. 1095) conducted by the court, sitting without a jury. The burden of proof is preponderance of the evidence (Evid. Code, § 115; *Bush*, *supra*, 245 Cal.App.4th at p. 1001), and, while the record of conviction may be centrally relevant, the source of the evidence is not necessarily limited to the record of conviction. (*Sledge*, *supra*, 7 Cal.App.5th at p. 1095.) Even though, by its nature, an evidentiary hearing to determine Proposition 47 eligibility resolves disputed issues of fact, there is no right to jury trial. Because Proposition 47 does nothing more than give inmates serving otherwise final sentences the benefit of ameliorative changes to applicable sentencing laws, there is no Sixth Amendment entitlement to a jury in these proceedings. (*Dillon v. United States* (2010) 560 U.S. 817, 828–829; *People v. Rivas-Colon* (2015) 241

Cal.App.4th 444, 451–452 [no right to jury trial on value of property on § 1170.18 resentencing petition]; cf. *Jefferson*, *supra*, 1 Cal.App.5th at p. 240 [no right to jury trial at second step of Proposition 47 proceeding where court makes discretionary determination of dangerousness].)

The applicable standard of review varies by issue. The order denying Simms's eligibility for Proposition 47 relief " ' "is presumed correct; all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown." ' [Citation.] In addition, we must ' "view the record in the light most favorable to the trial court's ruling." ' " (*People v. Johnson* (2016) 1 Cal.App.5th 953, 960.) Where we are called upon to address " 'the interpretation of a statute enacted as part of a voter initiative, the issue . . . is a legal one, which we review de novo.' " (*Sledge*, *supra*, 7 Cal. App.5th at p. 1095.) But "[w]here the trial court applies disputed facts to such a statute, we review the factual findings for substantial evidence and the application of those facts to the statute de novo." (*Ibid*.) This case illustrates another facet of these rules. With regard to Simms's claim of deprivation of his right to be present for the eligibility proceedings, our review is de novo, since the trial court's decision simply "entails a measurement of the facts against the law." (*People v. Waidla* (2000) 22 Cal.4th 690, 741.)

**B. Simms's Claim That the Trial Court "Misunderstood" the Evidence**

Because the uncontested information disclosed by the petition was insufficient to determine eligibility for resentencing, the People requested an evidentiary hearing. The trial court then held two hearings—in Simms's absence both times—to consider that issue. The focus of the evidence at both proceedings was the preliminary hearing transcript, and specifically, Vega's testimony as revealed in the transcript. The linchpin issue was whether Simms stole more than $950 from the tire store on both January 21st and 22nd.

According to Simms, Vega's preliminary hearing testimony cannot fairly be read to support a finding that more than $950 was taken on both dates. Simms points out that (1) Vega testified to being unaware any money was missing on the 21st because he did

not have a chance to inventory the money and was not sure if there was anything missing until he tallied the money in his cash drawer on the 22nd; (2) Vega admitted to the investigating officers that approximately $985 was missing from both the 21st and 22nd collectively; and (3) the only testimony Vega gave regarding how much money was taken on the 21st was in response to an ambiguous question asking how much money was taken "the day before January 22nd." In response to that question, Vega replied "about 1,500, roughly," which Simms claims, when read in context, must have meant the money taken on the 22nd. The Attorney General counters that Vega testified in direct response to a question about the amount taken on the 21st that $1,500 was taken, and at another point, in direct response to a different question about the 22nd, that $1,500 was taken. If there was ambiguity in any of these questions and thus the meaning of the answers, the Attorney General argues, Simms should have offered evidence to clarify the record.

With the parties' competing positions framed in this way, Simms insists the trial court "misunderstood" Vega's testimony about $1,500 having been taken "the day before the 22nd" and overlooked the fact it was mathematically "impossible" for him to have taken more than $950 on both days. Underlying this attack on the trial court's purported failure to appreciate the import of the evidence is the premise that a total of $1,500, collectively, was taken on both days. We agree that may be one interpretation of the record, but it is not the only interpretation. Although Vega's testimony that $1,500 was taken on each day does seem questionable when read in the context of his other answers about what was taken, a trier of fact is required to reject evidence only " 'when it is inherently improbable or incredible, i.e., " 'unbelievable *per se*,' " physically impossible or " 'wholly unacceptable to reasonable minds.' " ' " (*People v. Ennis* (2010) 190 Cal.App.4th 721, 729.)

Whether Vega's testimony may be construed as the Attorney General construes it is perhaps debatable, but the testimony, when read to support the view that $1,500 was taken on both days, is not so inherently impossible or incredible as to be unworthy of credence. At worst for the People it is inconclusive. In the end, it is not for us on appeal to assess the meaning and weight to be given the testimony; what to make of an equivocal

7

record in these circumstances was within the province of the trial court. Applying the substantial evidence test and giving the trial court's ineligibility ruling a presumption of correctness, as we must, it appears to us the court decided the critical factual issue governing eligibility—how much, exactly, was taken on each day—based on the burden of proof. Because that issue was not a focus of attention at the preliminary hearing and certainly was not a required element of proof to bind Simms over for trial, we cannot second-guess the court's decision to resolve doubts against Simms as the party with the burden of proof. Substantial evidence supports its ruling.

## C. Simms's Claim That He Was Denied His Right to Be Present At the Hearings At Which His Eligibility to Be Resentenced Was Determined

"Broadly stated, a criminal defendant has a right to be personally present at certain pretrial proceedings and at trial under various provisions of law, including the confrontation clause of the Sixth Amendment to the United States Constitution, the due process clause of the Fourteenth Amendment to the United States Constitution, section 15 of article I of the California Constitution, and sections 977 and 1043." (*People v. Cole* (2004) 33 Cal.4th 1158, 1230.) That right extends to sentencing and resentencing proceedings, including resentencing under section 1170.18. (*People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110 (*Fedalizo*).) A criminal defendant's right to attend critical proceedings against him is subject to recognized limitations. "[I]t is well established[,]" for example, that there is no such "constitutional or statutory right to be present to address purely legal questions or where [the defendant's] 'presence would not contribute to the fairness of the proceeding.' " (*Id.* at p. 109.) And "[a]s a matter of both federal and state constitutional law, . . . a defendant may validly waive his or her right to be present during a critical stage of the trial, provided the waiver is knowing, intelligent, and voluntary." (*People v. Cunningham* (2015) 61 Cal.4th 609, 633.)

It cannot be said that the issues decided at the eligibility hearings on Simms's Proposition 47 petition were purely legal. " 'The trial court's decision on a section 1170.18 petition is inherently factual, requiring the trial court to determine whether the defendant meets the statutory criteria for relief." (*People v. Hall* (2016) 247 Cal.App.4th

8

1255, 1263 (*Hall*).) Nor did Simms waive his right to attend. Through his appointed counsel, Thompson, Simms did consent to a limited waiver of his right to be present, but the waiver was applicable only if the proceeding was uncontested and only if the court was willing to grant all requested relief. Neither of those conditions applies here. Because determination of whether " 'the value of the property [Simms] stole disqualifies him from resentencing under [section 1170.18] . . . is a factual finding' " (*id.* at p. 1263) that was made here in contested proceedings, and because he did not waive his right to attend those proceedings, we must conclude his constitutional and statutory right to be present was violated.

In response to Simms's argument on this point, the People rely heavily on *Fedalizo*, *supra*, 246 Cal.App.4th at page 110, where a divided Second District, Division Seven, panel held that the Proposition 47 eligibility hearing at issue there was merely a "prelude to resentencing." *Fedalizo*, in our view, is distinguishable. First, in that case it was undisputed the petitioner's appointed counsel had "waived defendant's appearance," without qualification or limitation. (*Id.* at pp. 103, 105.) Second, because the petitioner there raised a right-to-be-present argument on appeal for the first time in his reply, the court held the issue had been forfeited. (*Id.* at p. 109.)

The *Fedalizo* court did, to be sure, address the merits of petitioner Fedalizo's right-to-be-present argument—and reject it—despite having held the right waived and the issue forfeited, but this alternative holding must be read in light of the specific procedural posture presented there. As the court explained, "[w]hen a defendant files a petition to recall a sentence under Proposition 47, the trial court must first decide the defendant's eligibility for the requested relief (i.e., whether the crime qualifies for reduction to a misdemeanor and whether the defendant previously has suffered any disqualifying convictions). (§ 1170.18, subds. (a), (b), (i).) This decision typically can be made without a hearing because eligibility is often obvious on the incontrovertible written record." (*Fedalizo*, *supra*, 246 Cal.App.4th at p. 109.) Thus, consistent with well-recognized limits to the right of a criminal defendant to be present at critical proceedings

against him, the court saw no right to attend an uncontested eligibility proceeding involving purely legal issues.

It is unquestionably true that in some cases the issue of eligibility for Proposition 47 relief can be and will be determined as a matter of law, without any factual contest. (*Hall*, *supra*, 247 Cal.App.4th at p. 1263.) That point is firmly established in the case law expounding on section 1170.18, subdivision (a), procedure. (See *Page*, *supra*, 3 Cal.5th at p. 1189; *Romanowski*, *supra*, 2 Cal.5th at p. 916.) Where the issue of eligibility is decided on an unopposed basis, we have no quarrel with the idea that "a represented defendant has no constitutional or statutory right to be present to address purely legal questions or where his or her 'presence would not contribute to the fairness of the proceeding.' " (*Fedalizo*, *supra*, 246 Cal.App.4th at p. 109, citing *People v. Perry* (2006) 38 Cal.4th 302, 312 ["a defendant may ordinarily be excluded from conferences on questions of law, even if those questions are critical to the outcome of the case"].) But where, as in this case, a factual contest bearing on eligibility for Proposition 47 relief requires that an evidentiary hearing be held, we conclude the petitioning defendant has a right to be present, absent a valid waiver.

Because the right to be present at a contested section 1170.18, subdivision (a), eligibility proceeding is of federal constitutional dimension, its violation may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding. (*Chapman v. California* (1967) 386 U.S. 18, 24.) Here, to the extent Vega's preliminary hearing testimony was unclear, the Attorney General argues it was incumbent on Simms to provide clarification. The point is well taken so far as it goes, but it also underscores the fairness problem we see on this record. Simms was not there to speak up. Unlike *Fedalizo*, where the issue of eligibility for Proposition 47 relief was decided as a matter of law on an uncontested basis, in this case the eligibility issue turned on disputed issues of fact about which Simms—as a participant in the events in question—may well have had something to say. The trial court may, or may not, have chosen to believe what Simms might have said, if he said

10

anything, but we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome.

## III.  DISPOSITION

We vacate the trial court's determination that Simms is ineligible for Proposition 47 relief on his burglary and grand theft from a person convictions and remand for a further eligibility hearing on his petition for recall and resentencing.  Simms must be given the opportunity to be present at that hearing.[2]

---

[2] In addition to this appeal, Simms filed a habeas corpus petition (No. A152411) claiming ineffective assistance of counsel.  In light of our disposition of the appeal, we shall dismiss the habeas petition as moot.

_____
Streeter, Acting P.J.


We concur:


_____
Reardon, J.


_____
Smith, J.[*]


_____
[*] Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A149575/*People v. Simms*

12

A149575/*People v. Simms*

Trial court:   Mendocino County Superior Court

Trial judge:   Hon. John Behnke

Counsel:

   First District Appellate Project, Jonathan Soglin, Executive Director, and Richard Such, Staff Attorney, under appointment by the Court of Appeal for Defendant and Appellant.

   Xavier Becerra, Attorney General of California, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Seth K. Schalit, Supervising Deputy Attorney General, Victoria Ratnikova, Deputy Attorney General, for Plaintiff and Respondent.