Filed 7/12/22  P. v. Guice CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PAUL ANDREW GUICE, <br><br> Defendant and Appellant. | F081114 <br><br> (Super. Ct. No. 65710) <br><br><br> **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Scott T. Steffen, Judge.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Detjen, J. and Franson, J.

## INTRODUCTION

Petitioner Paul Andrew Guice petitioned the trial court pursuant to Penal Code[1] section 1170.95 for resentencing on his conviction for first degree murder.  The trial court held an evidentiary hearing and denied the petition on the ground petitioner was the actual killer and therefore ineligible for relief.

On appeal, petitioner contends the trial court violated his statutory and constitutional right to be present at the section 1170.95 evidentiary hearing and his counsel provided constitutionally ineffective assistance when he conceded, at the hearing, that petitioner was ineligible for resentencing.  The People argue petitioner forfeited his contentions regarding his right to be present and, in any event, his contentions lack merit and his absence was harmless.  The People additionally contend petitioner failed to demonstrate ineffective assistance of counsel.

We conclude petitioner has a constitutional right to be personally present at the section 1170.95 evidentiary hearing on his petition for resentencing, he did not forfeit that right by his counsel's failure to object, and the violation of that right was not harmless beyond a reasonable doubt.  We therefore reverse the order denying the petition and remand for the trial court to hold a new section 1170.95 evidentiary hearing on petitioner's murder conviction at which petitioner will either be present or provide a knowing, intelligent, and voluntary waiver of his presence.  We do not reach petitioner's remaining claims, which are moot in light of this disposition.

## PROCEDURAL HISTORY

In 1997, petitioner was convicted of first degree murder (§ 187, subd. (a); count I) and robbery (§ 211; count II).  As to count I, the jury found true the special circumstance the murder was committed during the commission or attempted commission of a robbery (§ 190.2, subd. (a)(17)).  As to both counts, the jury found not true the allegation that

---

[1] Undesignated statutory references are to the Penal Code.

petitioner personally used a firearm during the commission of the offenses (§ 12022.5). The jury additionally acquitted petitioner of the offense of possession of a firearm by an ex-felon (former § 12021, count III).[2] Petitioner admitted a prior prison term enhancement (§ 667.5, former subd. (b)).[3] The trial court sentenced petitioner to a term of life without the possibility of parole on count I, plus a consecutive one-year term for the prior prison term enhancement. Sentence on count II was imposed and stayed. On appeal, we affirmed the judgment. (*People v. Guice* (Mar. 24, 2000, F030071) [nonpub. opn.] (*Guice*).)

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The trial court appointed counsel to represent petitioner.

The People filed a combined response and motion to dismiss the petition, which argued in relevant part that petitioner could not state a prima facie claim of resentencing eligibility because he was convicted of murder as the actual killer. In support, the People included as exhibits this court's nonpublished opinion in *Guice*, *supra*, F030071, and a document purporting to be an application for commutation of sentence filed by petitioner in 2018 in which petitioner stated under penalty of perjury that the victim pulled a gun on petitioner, petitioner and the victim struggled, and the gun went off during the struggle.[4] Notably, the People argued the statements made by petitioner in the application for commutation of sentence were not credible and were unsupported by the trial evidence. However, the People did not bring any trial evidence before the court.

---

[2] We dispense with a statement of facts in light of the scant admissible factual record. (§ 1170.95, subd. (d)(3); *People v. Flores* (2022) 76 Cal.App.5th 974, 988 (*Flores*).)

[3] The validity of the prior prison term enhancement is not before us. (See § 1171.1.)

[4] The People made no representations as to the foundation or authentication of this document.

In reply, petitioner argued in relevant part that his petition made a prima facie showing of resentencing eligibility and he was entitled to an order to show cause and an evidentiary hearing. Petitioner disputed the People's contention he was the actual killer, pointing out that the jury acquitted him of being a felon in possession of a firearm and found not true the allegation he was personally armed with a firearm during the commission of the offenses.

The People filed a response and argued the jury convicted petitioner of first degree murder and therefore necessarily found petitioner acted with malice.[5] In support, the People included as an exhibit a transcript from the original trial of the reading of the jury instruction on malice.

The trial court did not issue an order to show cause, but nonetheless set the matter for an evidentiary hearing, thereby impliedly finding petitioner had made a prima facie showing of resentencing eligibility.[6]

The People submitted additional briefing in advance of the hearing. The brief "incorporate[d] by reference" the facts recited in our nonpublished opinion in petitioner's direct appeal. Additionally, the People submitted a copy of the jury instructions given in petitioner's trial, which included instruction on felony murder as subsequently eliminated by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). The People also submitted the verdict forms, reflecting the jury's verdict as described above. Lastly, the People provided excerpts of the trial transcripts containing partial testimony of two witnesses and a portion of the prosecutor's closing argument.

---

[5] As discussed below, however, the People subsequently provided the court with the jury instructions from petitioner's original trial, which reflect the jury was permitted to find petitioner guilty of first degree murder under a felony-murder theory that did not require the jury to find petitioner acted with malice.

[6] We deny as moot the People's request for judicial notice of the trial court's February 18, 2020 minute order setting the evidentiary hearing. The minute order was subsequently filed as a supplemental clerk's transcript.

The first witness testified that, on August 8, 1996, she lived on the corner of two connecting alleyways near a bar. Late that night, she heard a man in the alleyway pleading for his life. She then heard a different man say something to the effect of, "Go ahead, little brother, and shoot him," followed by two gunshots. The second witness was a medical doctor who testified he had reviewed the autopsy report for the victim in this case. According to the testimony, the report reflected that the victim appeared to have been involved in a scuffle resulting in bruises, abrasions, and signs of blunt force injury. The victim also suffered a fatal gunshot wound to his left upper chest and had stippling on various parts of his body indicating a gun had been fired nearby but the bullet had missed him. Lastly, in the excerpted closing argument, the prosecutor referred to testimony that is not contained in the record on appeal in the instant case, and argued petitioner was guilty of murder under either a malice murder or felony-murder theory.

Petitioner did not file a responsive brief or any additional evidence. The settled statement prepared in relation to the instant appeal reflects that the record of the section 1170.95 proceedings "does not contain a transcript of the trial" and it remains undetermined whether "anything outside of the pleadings and records in this [section 1170.95] matter" was considered in relation to the evidentiary hearing.

The evidentiary hearing itself was brief. Petitioner was not present. The People argued petitioner was ineligible for resentencing because he was the actual killer. Petitioner's counsel submitted on the papers after opining that petitioner "wasn't charged in such a way that [section] 1170.95 . . . would give him relief." The trial court concluded petitioner was the actual killer and therefore ineligible for relief, and the petition was denied.

## DISCUSSION

I.     **Pertinent Law Regarding the Evidentiary Hearing.**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure

that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the natural and probable consequences doctrine by requiring that a principal act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*).) The bill amended the felony-murder rule by providing that a participant in a qualifying felony is liable for murder only if the victim was a peace officer in the performance of his or her duties, or the defendant was the actual killer, aided and abetted the actual killer in the commission of first degree murder with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life. (§ 189, subds. (e), (f); accord, *Gentile*, at p. 842.)

Senate Bill No. 1437 also added section 1170.95, which provides a procedure for persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" to seek vacatur of the conviction and resentencing. (§ 1170.95, subd. (a); accord, *Gentile*, *supra*, 10 Cal.5th at p. 853.) Under this procedure, an offender must file a petition in the sentencing court. (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A).)

If the trial court determines the petitioner has made a prima facie showing that he or she is entitled to relief, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).) Significantly, "[a] finding that

6.

there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)

The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) "[T]he factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing." (*Flores*, *supra*, 76 Cal.App.5th at p. 988.)

## II.    Right to Personal Presence.

The parties dispute whether petitioner had a right – either constitutional or statutory – to be present at the section 1170.95 evidentiary hearing. We conclude petitioner had a constitutional right to be present at the hearing.

A defendant's right to be personally present at critical stages of a criminal prosecution is guaranteed by the Sixth and Fourteenth Amendments to the federal Constitution, as well as article I, section 15 of the California Constitution. (*People v. Blacksher* (2011) 52 Cal.4th 769, 798-799; accord, *People v. Simms* (2018) 23 Cal.App.5th 987, 996 (*Simms*).) However, a defendant's Sixth Amendment rights are not necessarily implicated in the postconviction context. (See *People v. Rouse* (2016) 245 Cal.App.4th 292, 298-299 (*Rouse*) [collecting cases].) Instead, in the postconviction context, it is the right to due process which may protect rights ordinarily associated with the Sixth Amendment. (*People v. Lewis* (2021) 11 Cal.5th 952, 973 (*Lewis*).) Under either scenario, "a defendant's right to be present depends on two conditions: (1) the proceeding is critical to the outcome of the case, and (2) the defendant's presence would

7.

contribute to the fairness of the proceeding." (*People v. Perry* (2006) 38 Cal.4th 302, 312; accord, *Kentucky v. Stincer* (1987) 482 U.S. 730, 745; *Simms*, at p. 966.)

Sentencing and resentencing are considered critical stages at which a defendant has a right to be present. (See *People v. Doolin* (2009) 45 Cal.4th 390, 453; *Simms, supra*, 23 Cal.App.5th at p. 996.) Courts also have held that a defendant has a right to be present at proceedings to resolve factual questions of eligibility for resentencing under section 1170.18 (*Simms*, at p. 996), and at the section 1170.18 resentencing hearing in which the court exercises its discretionary sentencing authority (*Rouse, supra*, 245 Cal.App.4th at p. 300).

Recently, in *People v. Basler* (May 25, 2022, D079033) ___ Cal.App.5th ___, ___-___ [2022 Cal.App. LEXIS 537, *17-*18] (*Basler*), our sister court held that a petitioner has a constitutional right to be present at the section 1170.95 evidentiary hearing. The *Basler* court reached this conclusion after examining the nature of the evidentiary hearing. Relevant to the court's consideration were the statutory provisions permitting the parties to offer " 'new or additional evidence' " at the evidentiary hearing, and requiring the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder under a valid theory. (*Basler*, at pp. ___-___ [2022 Cal.App. LEXIS 537, *17-*18]; see § 1170.95, subd. (d)(3).) Additionally, the *Basler* court noted the court must determine, at the hearing, whether to vacate the petitioner's conviction and " 'resentence the petition[er] on any remaining counts *in the same manner as if the petitioner had not previously been sentenced*, provided that the new sentence, if any, is not greater than the initial sentence.' " (*Basler*, at p. ___ [2022 Cal.App. LEXIS 537, *17]; see § 1170.95, subd. (d)(1).) The *Basler* court characterized this proceeding as " 'akin to a plenary sentencing hearing' and thus a 'critical stage' in the criminal process

8.

even though it prevents imposition of a sentence greater than that originally imposed."[7] (*Basler*, at p. ___ [2022 Cal.App. LEXIS 537, *18].)

We agree with *Basler* and hold that petitioner had a state and federal constitutional right to be personally present at his section 1170.95 evidentiary hearing. As in *Basler*, we are persuaded by the provisions of section 1170.95 which permit the admission of additional evidence and require the court to resolve contested factual disputes regarding the defendant's guilt or innocence. (*Basler*, *supra*, ___ Cal.App.5th at pp. ___-___ [2022 Cal.App. LEXIS 537, *17-*18]; see § 1170.95, subd. (d)(3).) It is difficult to imagine a proceeding more critical or more dependent on the presence of the accused than one in which an independent factfinder resolves the question of guilt beyond a reasonable doubt. Petitioner's right to be present was violated when the hearing was conducted in his absence and without a knowing, intelligent, and voluntary waiver.

## III. Forfeiture.

Petitioner was not present at the evidentiary hearing and his counsel did not object to his absence or suggest he had a right to be present. On this basis, the People argue the issue is forfeited on appeal. We conclude the issue is not forfeited.

"Ordinarily, an appellate court will not consider a claim of error if an objection could have been, but was not, made in the lower court." (*People v. French* (2008) 43 Cal.4th 36, 46.) However, waiver of the right to be present at a critical stage of criminal proceedings requires the defendant's express waiver. (*People v. Penunuri* (2018) 5 Cal.5th 126, 162-163; *French*, at pp. 46-47.) Accordingly, it is well-settled that counsel's

---

[7] The *Basler* court also noted its holding was consistent with our Supreme Court's decision in *Lewis*, *supra*, 11 Cal.5th at page 973 (suggesting due process requires the appointment of counsel once it has been determined that a petitioner has stated a nonfrivolous claim). (*Basler*, *supra*, ___ Cal.App.5th at pp. ___-___ [2022 Cal.App. LEXIS 537, *18-*19].) The court explained, "So it is here, where [the petitioner] stated facts sufficient to state a prima facie case warranting an evidentiary hearing and implicating his Sixth Amendment rights attaching to critical stages in the process." (*Id.* at p. ___ [2022 Cal.App. LEXIS 537, *19].)

failure to object to a violation of the constitutional right of personal presence does not forfeit the claim on appeal. (*People v. Nieves* (2021) 11 Cal.5th 404, 508; *Penunuri*, at pp. 162-163; *French*, at pp. 46-47.) We are bound by this precedent. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Petitioner's claim is not forfeited despite counsel's failure to object.

The People's argument to the contrary relies on *People v. Moon* (2005) 37 Cal.4th 1, 21 (*Moon*), which is distinguishable on its facts and, more importantly, was not resolved on forfeiture grounds. In *Moon*, the defendant expressly waived his right to be present at the jury's viewing of the crime scene. Indeed, the defendant stated he was not only agreeable to waiving his presence, but wished to do so. (*Id.* at p. 19.) On appeal, he argued his waiver was not knowing and intelligent. (*Id.* at p. 21.) Relying on *People v. Weaver* (2001) 26 Cal.4th 876, 967 (no heightened waiver requirement or duty to admonish defendant regarding right of personal presence), the court rejected this claim on the merits, despite no objection having been raised below. (*Moon*, at p. 21.) The court then addressed the defendant's additional, alternative argument by stating: "To the extent he now contends his waiver was invalid because he believed he was waiving only the right to ride on the bus, not the right to actually be present at the jury view, we reject that suggestion, both because he failed to raise an objection on this ground at trial and because it is inconsistent with a reasonable reading of the record." (*Ibid.*)

Here, petitioner was not present at the evidentiary hearing or at any other proceedings in which he could have expressly waived his presence at the evidentiary hearing. Indeed, the record does not establish petitioner was aware the evidentiary hearing was to be held. There is no reasonable reading of the record that would support a conclusion petitioner intended to waive his presence at the hearing, let alone that a valid waiver was entered. *Moon* has no applicability in these circumstances.

## IV. Prejudice.

A violation of the constitutional right to be present must be assessed for prejudice under *Chapman v. California* (1967) 386 U.S. 18, 24. (*Basler*, *supra*, ___ Cal.App.5th at p. ___ [2022 Cal.App. LEXIS 537, *19]; see *Simms*, *supra*, 23 Cal.App.5th at p. 998.) In the instant case, we cannot conclude petitioner's absence was harmless beyond a reasonable doubt.

The evidentiary hearing has one central purpose: to afford the People an opportunity to prove the petitioner's guilt beyond a reasonable doubt under a theory that remains valid after the effective date of Senate Bill No. 1437. (§ 1170.95, subd. (d)(3); *Basler*, *supra*, ___ Cal.App.5th at p. ___ [2022 Cal.App. LEXIS 537, *20].) In this proceeding, the trial court acts as an independent factfinder to resolve disputed questions of fact regarding the petitioner's actions and mens rea in relation to the offense. (*Basler*, at pp. ___, ___ [2022 Cal.App. LEXIS 537, *20, *24].) Had petitioner been present, he may have chosen to testify or may have "given input to his counsel on the People's presentation and arguments, resulting in his counsel drawing different inferences from the trial evidence or doing more than submitting on the papers." (*Id.* at p. ___ [2022 Cal.App. LEXIS 537, *22].) The trial court may or may not have chosen to credit such evidence, but we cannot conclude with any certainty that petitioner's presence would not have affected the presentation of evidence or the outcome of the proceedings. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 350; *Simms*, *supra*, 23 Cal.App.5th at p. 998.)

We further note the trial evidence does not support the trial court's finding that petitioner was the actual killer. As stated above, the only trial evidence submitted to the court in relation to the petition was the testimony of an ear witness who heard a man begging for his life followed by two gunshots, and the testimony of a doctor who read an autopsy report and concluded the victim died of a fatal gunshot wound to the chest. This testimony does not mention petitioner, let alone establish he was the actual killer. To the extent the trial court's determination rested on facts taken from the factual background

11.

recited in our opinion in petitioner's direct appeal, the trial court erred. (§ 1170.95, subd. (d)(3); *Flores, supra,* 76 Cal.App.5th at p. 988.)

Furthermore, neither the jury verdict nor our opinion in petitioner's direct appeal reflects a determination that petitioner was convicted under a theory that he was the actual killer.[8] Regardless, at the evidentiary hearing stage, it is irrelevant that substantial evidence might support the jury's verdict on a valid theory. "[T]he Legislature has expressly repudiated use of a substantial evidence standard to ascertain whether the People meet their burden of proof at the section 1170.95 evidentiary hearing." (*Basler, supra,* ___ Cal.App.5th at p. ___ [2022 Cal.App. LEXIS 537, *25]; see § 1170.95, subd. (d)(3) ["A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."].) The prosecution was required to convince the court, upon admissible evidence and beyond a reasonable doubt, that petitioner is guilty of murder under a valid theory. (§ 1170.95, subd. (d)(3).) The court's review was not limited to the findings of the jury in his original trial. (*Basler, supra,* ___ Cal.App.5th at p. ___ [2022 Cal.App. LEXIS 537, *25].)

For the same reason, we reject the People's argument that petitioner's absence was harmless because the jury's robbery-murder special circumstance finding establishes petitioner's resentencing ineligibility. This court has held that a special circumstance finding entered pursuant to section 190.2, subdivision (a)(17) can establish a petitioner's ineligibility for resentencing as a matter of law at the prima facie stage. (*People v. Simmons* (2021) 65 Cal.App.5th 739, 748-749, review granted Sept. 1, 2021, S270048.) Here, however, the trial court did not deny the petition at the prima facie stage. Rather, the trial court set the matter for an evidentiary hearing, thereby impliedly concluding the

---

[8] To the contrary, the jury found not true the allegation that petitioner personally used a firearm during the commission of the offenses (§ 12022.5). (*Guice, supra,* F030071.)

special circumstance finding was insufficient to establish petitioner's ineligibility for resentencing as a matter of law. The People have not disputed the propriety of this ruling. As stated, at the evidentiary hearing, the court was tasked with reviewing the evidence as an independent factfinder, and not with reviewing the evidence in support of the jury's verdict. (See § 1170.95, subd. (d)(3).) Thus, the jury's special circumstance finding does not affect our analysis.

In sum, petitioner's absence from the hearing was not harmless beyond a reasonable doubt.

## DISPOSITION

The order denying the petition is reversed and the matter is remanded for the trial court to hold a new section 1170.95 evidentiary hearing on petitioner's murder conviction at which petitioner will either be present or provide a knowing, intelligent, and voluntary waiver of his presence.