Filed 6/14/24  P. v. Martinez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO MARTINEZ,<br><br>    Defendant and Appellant. | B332648<br><br>(Los Angeles County<br>Super. Ct. No. KA053146) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Rogelio G. Delgado, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2003, following a jury trial, defendant was found guilty of one count of attempted premeditated murder. (Pen. Code, §§ 664, 187, subd. (a).)[1] The jury found true the allegation that he personally and intentionally discharged a firearm causing great bodily injury. (§ 12022.53, subd. (d).) He was sentenced to prison for life plus 25 years to life.[2]

In October 2022, defendant filed a petition for resentencing pursuant to former section 1170.95 (now section 1172.6). The trial court appointed counsel, who briefed the issue of defendant's eligibility for relief; the prosecution opposed the petition. The prosecution's opposition included as an exhibit the full set of jury instructions given at defendant's trial. These instructions included CALJIC No. 8.66 (requiring the jury to find, for attempted murder, that the person committing the attempt "harbored express malice aforethought, namely a specific intent to kill unlawfully a human being"); CALJIC No. 8.67 (requiring the jury to find, for premeditation, that mental state on the part of the "would-be slayer"); and CALJIC No. 8.40 (permitting the jury to find defendant guilty of the lesser offense of attempted voluntary manslaughter if there was an absence of malice). No

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     At his trial, the jury also found true an allegation that defendant personally inflicted great bodily injury within the meaning of section 12022.7, and he was sentenced to an additional term for this enhancement. On direct appeal, that enhancement was stricken.

instructions on natural and probable consequences or aiding and abetting were given.[3]

The trial court denied the resentencing petition on the basis that the jury instructions and verdict forms established that defendant had not established a prima facie case for eligibility for resentencing.

Defendant appealed, and this court appointed counsel to represent him. After examining the record, defendant's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We invited defendant to submit a supplemental brief, which he did.

The bulk of the arguments raised in defendant's supplemental brief do not address his eligibility for resentencing under section 1172.6 or have any bearing on whether he could "presently be convicted of . . . attempted murder because of changes to . . . section 188 or 189 made effective January 1,

---

[3]     Defendant argues that, in the prosecution's opposition to his resentencing petition, the prosecution acknowledged aiding and abetting instructions were given. Defendant is mistaken. He is relying on page 6 of the prosecution's opposition, in which the prosecution is quoting from *People v. Coley* (2022) 77 Cal.App.5th 539, 548. The quote contains language in which the *Coley* court notes aiding and abetting instructions had been given in that case, and found those instructions insufficient to justify resentencing. In any event, the prosecution was simply quoting *Coley*, in which aiding and abetting instructions had been given, not suggesting those instructions had been given in defendant's case.

2019."[4]  (§ 1172.6, subd. (a)(3).)  Rather, he raises arguments that were raised, and rejected, in his initial appeal of his conviction. Section 1172.6 provides no relief for trial error.  (See, e.g., *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 'does not permit a petitioner to establish eligibility on the basis of alleged trial error'].)  Accordingly, these arguments provide no basis for reversal.

The few arguments defendant raises which directly challenge the procedure on his section 1172.6 petition fare no better.  He suggests the trial court erred by not allowing him to be present at the hearing, but his petition was denied as a matter of law at the prima facie stage, where he had no right to be present.  (See *People v. Simms* (2018) 23 Cal.App.5th 987, 998.) He raises several other challenges – the failure to hold an evidentiary hearing, the failure to allow him to submit a statement in mitigation, ineffective assistance of counsel by not raising additional facts – but none of these arguments defeat the determination, as a matter of law, that defendant was convicted on the basis that he personally committed the attempted murder and acted with the mental state of express malice.  As he could not establish that he was convicted under the natural and

---

[4]      In fact, defendant attached to his supplemental brief a declaration in support of his petition for resentencing, in which he sets forth the facts of the offense and admits being the actual shooter.  While defendant argues that he did not possess the intent to kill, and questions the evidence against him at trial, at no point does he suggest that malice was imputed to him on a natural and probable consequences theory.

4

probable consequences doctrine, his resentencing conviction was properly denied.[5]

### DISPOSITION

The order denying defendant's resentencing petition is affirmed.


LEE, J.[*]

WE CONCUR:


MOOR, Acting P. J.


KIM, J.

---

[5]    Defendant highlights language in CALJIC No. 17.19.5, the jury instruction given for the firearm enhancement, which states, "A proximate cause of great bodily injury or death is an act or omission that sets in motion a chain of events that produces as a direct, natural and probable consequence of the act or omission the great bodily injury or death." (Brackets omitted.) The use of "natural and probable consequence" language when discussing the proximate cause of great bodily injury is not the same as the "natural and probable consequences" doctrine which imputes malice to the defendant based on his aiding and abetting a crime. Only use of the latter is a basis for resentencing under section 1172.6.

[*]    Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.