Filed 7/14/25  P. v. Elzy CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>LAMAR DARELL ELZY,<br><br>　　　Defendant and Appellant. | B340006<br><br>(Los Angeles County<br>Super. Ct. No. BA287105) |

　　　Lamar Darell Elzy (defendant) appeals from the order of the trial court denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2]  Defendant's attorney filed a brief raising no issues and asked this court to

---

[1]　All further statutory references are to the Penal Code unless otherwise indicated.

[2]　Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we will refer to the section by its new numbering only.

independently review the record. Defendant submitted a supplemental brief on his own behalf. Under the standard articulated in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments defendant raises in his letter brief. (*Id.* at pp. 231-232.) Finding none of his arguments meritorious, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

I.    **Facts[3]**

A.    *The underlying crime*

At approximately 8:15 p.m. on July 17, 2005, Percy Lemle (Lemle) parked his bus in a lot on Vermont Avenue, in Los Angeles. Defendant and his companion approached Lemle while wearing hoods pulled down to obscure their faces. Defendant pulled a gun from his pocket and fired one shot at Lemle. Lemle ran, and more shots were fired as the two men chased him. Lemle was struck in the head, causing paralysis resulting in four surgeries and extensive rehabilitation.

B.    *Conviction and appeal*

The People charged defendant with attempted murder (§§ 664, 187). The People also alleged that the attempted murder was premeditated, that defendant personally used and discharged a firearm causing great bodily injury (§ 12022.53, subds. (b), (c), and (d)), and that he personally inflicted great bodily injury (§ 12022.7, subd. (a)).

---

[3]    We draw these facts from our prior, unpublished appellate opinion affirming defendant's convictions. (*People v. Elzy* (Feb. 5, 2010, B213673).) We do not rely upon this factual summary in reaching our decision but instead paraphrase it to give context to our discussion.

At trial and as relevant here, the jury was instructed on aiding and abetting, attempted murder, and premeditation. The jury was not instructed on felony murder or the natural and probable consequences doctrine.

A jury convicted defendant of premeditated attempted murder and also found each of the firearm enhancements and great bodily injury enhancements true.

The trial court imposed a prison sentence of life with the possibility of parole, plus 25 years to life for the firearm enhancement, plus 5 years for a prior serious felony.

A different panel of this court affirmed the judgment on direct appeal.[4]

## II. Procedural Background

On July 20, 2022, defendant filed a petition seeking resentencing under section 1172.6. In the form petition, defendant checked the boxes for the allegations that he had been "convicted of . . . attempted murder" under a theory of "felony murder, murder under the natural and probable consequences doctrine or other theory under which malice [was] imputed" to him, and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019." The trial court appointed counsel for defendant. The People filed an opposition and attached copies of this court's 2010 opinion, the jury instructions, and the verdict form.

---

4 The court modified the sentence to reflect a term of 50 years to life (comprised of 25 years to life for the attempted murder plus a consecutive 25 years to life for defendant's personal use of a firearm causing great bodily injury), plus an additional five years for the prior serious felony. The court also imposed but stayed a 10-year enhancement under section 12022.53, subdivision (b), which the trial court had struck.

On July 26, 2024, the trial court held a hearing on defendant's petition for resentencing and denied it. The court summarily denied the petition after finding defendant ineligible as a matter of law because no jury instructions had been given regarding felony murder, the natural and probable consequences doctrine, or any theory that required that malice be imputed to him.

Defendant filed this timely appeal.

## DISCUSSION

Section 1172.6 is the procedural vehicle by which persons convicted of attempted murder in now-final judgments can seek to vacate any such convictions that rest on a natural and probable consequences theory of liability. (§ 1172.6, subd. (a); *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865.) Defendant's jury was not instructed on the natural and probable consequences doctrine. Thus, the trial court did not err in summarily denying defendant's petition for relief under section 1172.6.

In his supplemental brief filed with this court on January 25, 2024, defendant argues that (1) there is insufficient evidence to establish that he was either the shooter or an aider and abettor; (2) he did not personally waive his presence at the prima facie hearing; (3) the trial court ran afoul of *People v. Offley* (2020) 48 Cal.App.5th 588 (*Offley*) when it denied relief in part due to the firearm enhancement under section 12022.53, subdivision (d); and (4) the trial court failed to act as an independent fact-finder. Each argument lacks merit.

## I.     Sufficiency of the Evidence

Defendant's attack on the sufficiency of the evidence offered at trial is not cognizable in litigation under section 1172.6. (See

*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; accord, *People v. Burns* (2023) 95 Cal.App.5th 862, 865.)

## II.     Defendant's Presence at the Prima Facie Hearing

Defendant did not have a constitutional right to be present at the prima facie hearing.  Although a criminal defendant has a constitutional right to be personally present in court "'at a critical stage . . . of the proceeding'" (*People v. Flinner* (2020) 10 Cal.5th 686, 710), the hearing where a trial court assesses whether a section 1172.6 makes a prima facie case is *not* a critical stage because it involves purely legal questions.  (See *People v. Ervin* (2021) 72 Cal.App.5th 90, 101; *People v. Simms* (2018) 23 Cal.App.5th 987, 996 [hearings where purely legal questions are resolved are not critical stages].)

## III.    Firearm enhancement under section 12022.53

Because the trial court rested its conclusion that defendant was ineligible for relief on the absence of a natural and probable consequences instruction as well as the jury's finding that defendant personally discharged a firearm, *Offley*'s holding that the latter by itself is insufficient to render a defendant ineligible for relief is of no consequence.  (*Offley*, *supra*, 48 Cal.App.5th at pp. 594, 597.)

## IV.    The Trial Court's Role in an 1172.6 Proceeding

Defendant is also wrong to assert that the trial court erred in not acting as an independent factfinder because a court plays that role when presiding over the *evidentiary* hearing under section 1172.6, not when assessing whether a defendant's petition states a prima facie case as a matter of law.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.

HOFFSTADT


We concur:


_____, J.

MOOR


_____, J.

KIM (D.)