Filed 9/10/25  P. v. Marroquin CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NICOLAS ANDRES MARROQUIN,<br><br>    Defendant and Appellant. | F089469<br><br>(Super. Ct. No. PCF305430)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Snauffer, Acting P. J., De Santos, J., and Fain, J.†

† Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

In this third appeal from defendant Nicolas Andres Marroquin's convictions for attempted murder and other offenses, we consider whether the trial court prejudicially erred by conducting his most recent resentencing hearing in his absence. The record shows Marroquin was not present and no valid waiver of his right to be present was obtained. Because he had a constitutional right to be personally present at the resentencing, and because the error here was not harmless beyond a reasonable doubt, we must again reverse and remand.

## BACKGROUND

Marroquin was convicted by a jury of three counts of attempted murder and four counts of assault with a firearm, among other crimes, arising out of a gang-related shooting at a gas station. (*People v. Marroquin* (Mar. 16, 2020, F076530) [nonpub. opn.], 2020 WL 1242925, at p. 1 (*Marroquin I*).) The jury found true firearm enhancements under Penal Code[1] sections 12022.5, subdivision (a)(1) and 12022.53, subdivision (c), as well as gang enhancements under section 186.22, subdivision (b). (*Ibid.*) He was sentence to 54 years to life in prison. (*Id.* at p. 2.)

In 2020, we issued our opinion in Marroquin's first appeal. We reversed his conviction under section 186.22, subdivision (a), for insufficient evidence. (*Marroquin I, supra,* at p. 1.) We vacated his sentence and remanded the matter for resentencing at which time the trial court was to exercise its then-new discretion to strike the sections 12022.5, subdivision (a)(1), and 12022.53, subdivision (c), firearm enhancements found true by the jury. (*Marroquin I*, at pp. 17–18.) We also directed that Marroquin be afforded the opportunity for a proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) so he could present youth-related factors for use at a future youth offender parole hearing. (*Marroquin I*, at p. 18.)

---

[1] Undesignated statutory references are to the Penal Code.

Before Marroquin's resentencing, the California Supreme Court decided *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*). (*People v. Marroquin* (Dec. 10, 2024, F087284) [nonpub. opn.], 2024 WL 5063736, at p. 1 (*Marroquin II*).) In *Tirado*, the court held that where a jury has found true a firearm use enhancement under section 12022.53, subdivision (d), the trial court has the discretion to strike it and instead impose a lesser, uncharged enhancement under section 12022.53, subdivisions (b) or (c). (*Tirado, supra,* 12 Cal.5th at pp. 697, 700–701.) On remand, the trial court reimposed the section 12022.53, subdivision (c), enhancements without mentioning *Tirado*, and no *Franklin* proceeding was conducted. (*Marroquin II*, at p. 1.)

In his second appeal, Marroquin contended his sentence must again be vacated and the matter remanded for resentencing. (*Marroquin II*, *supra,* at p. 1.) He argued the trial court abused its discretion by being unaware of its authority under *Tirado* to impose lesser firearm enhancements with respect to the section 12022.53 enhancements. (*Ibid.*) Alternatively, he asserted his trial counsel was ineffective for not ensuring the court was aware of *Tirado*'s holding. (*Ibid.*) Marroquin further argued the trial court erred by failing to conduct a *Franklin* proceeding and, in the alternative, claimed his counsel was ineffective for failing to pursue such a proceeding. (*Ibid.*)

We concluded in *Marroquin II* that Marroquin's sentence had to be vacated and remanded for another resentencing because the record was at least ambiguous as to whether the trial court understood its discretion under *Tirado* to impose lesser firearm enhancements. (*Marroquin II*, *supra,* at p. 1.) Given this conclusion, we did not need to address any arguments relating to *Franklin*. (*Ibid.*)

On remand following *Marroquin II*, the court again convened for resentencing on February 24, 2025, before the same judge who presided at the prior remand. Marroquin was not present at the hearing. His presence was not noted on the record, and the minute

order for the hearing confirms his absence.  The minute order also reflects that he did not waive his right to be personally present.**2**

The trial court began the hearing by asking if defense counsel had "read the instructions from the appellate court."  Counsel replied, "I have not.  I did not receive it.  I did get a brief synopsis from the district attorney."  Counsel did not ask for a brief continuance to be able to read the opinion.**3**

The court stated, "I made a finding that I believe that the 12022.53 should remain.  Based on my discretionary ability to strike it, I am exercising my discretion to strike it.  [¶]  And in addition to that, as I said before, the *Franklin* hearing doesn't happen here; it happens with the parole department.  But I order that all of the evidence involved in the case would be preserved so that it can be utilized for the *Franklin* hearing.  [¶]  That's what I said before, but, apparently, someone had read something else into what I said.  I think that's about as clear as what I can make it."  Counsel said to that, "I would think so."  The court added that its "finding was pursuant to [*Tirado*]."  The hearing ended.

The minute order for the hearing states:  "The Court is exercising its discretion to not strike special allegation PC12022.53, findings pursuant to *People v. Tirado*.  In addition, the Court orders that evidence regarding the *Franklin* Hearing be preserved until defendant is eligible for a Parole hearing."  The order also states:  "The Court reinstates the sentence that was previously imposed on October 10, 2023.**[4]**  All previous terms and conditions remain in full force and effect."

---

**2** The minute order has an unchecked box next to the preprinted sentence, "Defendant waives right to be personally present."

**3** It is inexcusable that defense counsel had not read the *Marroquin II* opinion.

**4** Based on the context, it is clear that this is what the court intended to do and that the court misspoke during it oral pronouncement when it stated that it was "exercising [its] discretion to strike [the enhancement]."

## DISCUSSION

Marroquin argues the trial court erred in conducting the resentencing hearing in his absence without a valid waiver of his personal presence. The People concede and we agree.

A criminal defendant has a federal and statute constitutional right to be present at all critical stages of the criminal prosecution. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347 (*Cutting*).) Sentencing and resentencing are both critical stages. (*Id.* at p. 348.)

"The right to be present may be waived. [Citation.] However, pursuant to section 977, subdivision (b)(1)–(2), in all cases in which a felony is charged, the defendant is required to be personally present at the time of the imposition of sentence unless he executed a written waiver of his right to be present or the waiver was properly entered orally on the record." (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673–674.) Here, the record shows Marroquin was not present and did not waive his presence. The trial court erred by proceeding.

A federal constitutional error of this kind is reviewed under the *Chapman*[5] standard and "may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding." (*People v. Simms* (2018) 23 Cal.App.5th 987, 998.) The burden is on the People to show that the error was harmless beyond a reasonable doubt. (*Cutting, supra,* 42 Cal.App.5th at p. 349; *Chapman, supra,* 386 U.S. at p. 24.) The People here concede the error requires reversal.

We agree the error was not harmless. If Marroquin had been present at the resentencing hearing, he could have "offered mitigating factors that arose after his original sentencing; he may have expressed remorse; [or] he may have made a plea for leniency." (*Cutting, supra,* 42 Cal.App.5th at p. 350.) In *Cutting*, a case where the trial court resentenced an imprisoned defendant who was not present, the Court of Appeal

---

[5] *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*).

explained that even if the trial court "may not have chosen to believe what [the defendant] might have said, if he said anything, we cannot conclude beyond a reasonable doubt that his presence at the [resentencing] hearing would not have affected the outcome." (*Ibid.*) Also, Marroquin could have corrected the trial court's apparent misunderstanding of what a *Franklin* proceeding entails. The trial court expressed its belief that a *Franklin* hearing is conducted by the "parole department." But this is not so. A *Franklin* hearing is held in the superior court, where the defendant is to be given "sufficient opportunity to put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing." (*Franklin, supra,* 63 Cal.4th at p. 284.)

Based on the forgoing, we cannot conclude that Marroquin's absence at the resentencing hearing was harmless beyond a reasonable doubt.

## DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court to conduct a new resentencing hearing at which Marroquin is present unless a valid waiver of his presence is obtained. Also on remand, the court is to conduct a *Franklin* proceeding if Marroquin requests one.