Filed 12/14/22  P. v. Singleton CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>STEVEN P. SINGLETON,<br><br>      Defendant and Appellant. | E077389<br><br>(Super.Ct.No. FSB20937)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Steven P. Singleton appeals the San Bernardino County Superior Court's denial of his Penal Code section 1170.18 petition in which he sought to reduce his felony conviction for auto theft to a misdemeanor.[1] We affirm.

**BACKGROUND**

In 2000, a jury found defendant guilty of three felonies: residential burglary (§ 459, count 1), grand theft of a firearm (§ 487, subd. (d), count 3), and unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a), count 4). It also found him guilty of a misdemeanor count of hit-and-run driving. (Veh. Code, § 20002, subd. (a), count 5.) The trial court imposed a 93-year prison term.

Defendant appealed to this court. (*People v. Singleton* (Feb. 25, 2002, E028952) [nonpub. opn.].) We affirmed the convictions but remanded the matter for resentencing because the trial court had improperly imposed prior serious felony conviction enhancements. (*Ibid.*) An abstract of judgment filed in May 2002 shows the three felony convictions and reflects that on remand the trial court reduced the prison term to 88 years to life consecutive to a determinate term of 13 years.

In August 2017, the court heard a petition filed by defendant pursuant to section 1170.18, that resulted in resentencing only as to count 3 (grand theft of a firearm).

In January 2018, the court appointed counsel to represent defendant with respect to a new section 1170.18 petition he filed in propria persona seeking to reduce the count

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

4 Vehicle Code violation to a misdemeanor. Counsel requested a continuance to look into the matter. Three months later, she withdrew the petition on defendant's behalf.

In February 2020, defendant filed another section 1170.18 petition requesting the court to designate the felony residential burglary and Vehicle Code violation convictions as misdemeanors. The People responded that the burglary charge is not eligible for reduction but did not address the felony Vehicle Code violation. The court appointed counsel for defendant and set the petition for hearing. Counsel waived defendant's presence.

The petition was heard in June 2021. No mention of the auto theft conviction was made by either of the parties or the court. Defendant's counsel submitted without argument, and the court denied the petition. Defendant appealed.

## DISCUSSION

Defendant argues the trial court abused its discretion when it denied his section 1170.18 petition without an evidentiary hearing to establish his eligibility for relief for resentencing as to the count 4 auto theft conviction. The People contend the court correctly denied the petition because it did not include any information or evidence necessary to establish the stolen vehicle's value did not exceed $950.

We agree with the People. It is well settled that defendants convicted of a felony violation of subdivision (a) of Vehicle Code section 10851 who seek reduction of that conviction to a misdemeanor pursuant to section 1170.18 must establish their eligibility for relief. (*People v. Page* (2017) 3 Cal.5th 1175, 1188-1189 (*Page*).) That is, they must

make a prima facie showing in their petition that (i) the vehicle was worth $950 or less, and (ii) they were convicted for the theft of the vehicle (as distinguished from posttheft driving or taking the vehicle without the intent to permanently deprive the owner of possession). (*Ibid.*) If the defendant's section 1170.18 petition does not set forth a factual basis establishing those two required elements, the trial court may summarily deny relief. (*Page*, at p. 1188, citing *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137 (*Perkins*).) Here, defendant's petition set forth only the Vehicle Code statute under which he was convicted, with no information about the theft or the value of the vehicle.

Defendant argues the trial court was obligated to conduct an evidentiary hearing on the petition to resolve the facts because the People's response to his petition did not address his request for resentencing as to the Vehicle Code violation. The authority defendant cites, *People v. Romanowski* (2017) 2 Cal.5th 903 (*Romanowski*) and *People v. Simms* (2018) 23 Cal.App.5th 987 (*Simms*), do not support his claim.

In *Romanowski*, our Supreme Court addressed the issues whether theft of access card account information is a crime eligible for reduced punishment and, if so, the manner in which the value of that information could be established for purposes of a section 1170.18 petition. (*Romanowski*, *supra*, 2 Cal.5th at pp. 905-906.) It explained uncontested information contained in the petition and record of conviction may in some cases establish a factual basis to support defendant's eligibility for relief. (*Id.* at p. 916.) In those cases, the court may resentence defendant unless, in its discretion, the court determines that doing so would pose an unreasonable risk of danger to public safety.

4

(*Ibid.*) On the other hand, when the uncontested petition and record of conviction do not establish eligibility for relief, an evidentiary hearing may be required if, after considering the verified petition, the return, any denial, any sworn statements, and matters of which judicial notice may be taken, the court finds (i) there is a reasonable likelihood the defendant may be entitled to relief, and (ii) the entitlement to relief depends on the resolution of an issue of fact. (*Ibid.*)

In *Simms*, the court held defendant's rights were violated when an evidentiary hearing was conducted in defendant's absence and he had not waived his presence. (*Simms*, *supra*, 23 Cal.App.5th at p. 998.) In the course of providing a procedural setting for the reader, *Simms* reviewed the circumstances in which an evidentiary hearing is required set forth in *Romanowski.* (*Id.* at pp. 993-994.)

*Romanowski* and *Simms* are inapposite here because defendant's petition did not state any facts to support his claims for relief. As explained, *ante*, if a section 1170.18 petition does not set forth facts showing eligibility for reduction of a felony violation of Vehicle Code section 10851, the court may summarily deny relief. (*Page*, *supra*, 3 Cal.5th at p. 1188; *Perkins*, *supra*, 244 Cal.App.4th at pp. 136-137.)

Here, the defendant failed to make any showing that his Vehicle Code conviction was eligible for relief pursuant to section 1170.18. Accordingly, the trial court did not err when dismissing defendant's petition.

5

**DISPOSITION**

The order denying defendant's resentencing petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

We concur:

MILLER _____

J.

MENETREZ _____

J.

6