Filed 11/2/23  P. v. Rubalcava  CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062149 |
| v. | (Super. Ct. No. 10NF1758) |
| RAUL RUBALCAVA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Donald F. Gaffney, Judge.  Reversed and remanded with directions.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

After defendant Raul Rubalcava had spent a decade in prison on carjacking and related charges, the Secretary of the Department of Corrections and Rehabilitations (the Secretary) requested the trial court resentence Rubalcava under Penal Code section 1172.1.[1] The trial court did not act on the Secretary's request, so Rubalcava filed a petition for resentencing under section 1172.1 (the petition). Rubalcava was not present at the hearing on the petition, but the court proceeded in his absence and denied it. On appeal, Rubalcava argues he had a constitutional right to be present at the hearing and there is no evidence he provided a valid waiver of this right. We agree and find Rubalcava's absence from the hearing was prejudicial. Thus, we reverse the order denying the petition and direct the court to conduct a new hearing on remand.

I

FACTS AND PROCEDURAL HISTORY

In June 2010, a complaint was filed charging Rubalcava with counts of (1) carjacking (§ 215, subd. (a)), (2) robbery (§§ 211, 212.5, subd. (c)), (3) possession of a firearm by a felon (former § 12021, subd. (a)(1)),[2] and (4) street terrorism (§ 186.22, subd. (a)). He was also charged with a firearm enhancement (§ 12022.53, subd. (b)), in connection with the carjacking and robbery counts, and a gang enhancement (§ 186.22, subd. (b)), as to each count except street terrorism.

Rubalcava agreed to plead guilty to all four counts and admit to the firearm enhancement on the robbery count in exchange for the dismissal of the remaining enhancements. In December 2010, the court sentenced him to a total of 17 years and four months, which was composed of five years for carjacking, 10 years for the related firearm

_____

[1] All further undesignated statutory references are to the Penal Code.

[2] On January 1, 2012, former section 12021 was repealed and reenacted without substantive change as section 29800, subdivision (a). (Stats. 2010, ch. 711, § 4.)

2

enhancement, one year for the robbery, eight months for possession of a firearm by a felon, and eight months for street terrorism.

A decade after Rubalcava was sentenced, the Secretary sent a letter to the trial court. The Secretary recommended that Rubalcava's sentence be recalled and that he be resentenced under section 1170, subdivision (d)(1), now section 1172.1 (see *People v. Pierce* (2023) 88 Cal.App.5th 1074, 1078). The Secretary's recommendation was based on changes to the law following Rubalcava's conviction that allow courts to strike or dismiss firearm enhancements in the interests of justice.

The trial court took no action on the Secretary's letter and closed Rubalcava's case. Rubalcava then filed the petition under section 1172.1, which asked the court to recall his sentence and resentence him per the Secretary's recommendation. The prosecution opposed the request.

The court held a hearing on the disputed petition. At the beginning of the hearing, counsel for Rubalcava represented that "[h]e is in custody at state prison and was not transported. I do have [section] 977 authority."[3] The court proceeded in Rubalcava's absence and denied the petition at the hearing's conclusion.

Rubalcava makes two arguments on appeal. First, the court abused its discretion by denying the petition. Second, the court violated his constitutional right to be present at the hearing. We agree with Rubalcava's second contention and remand this case for a new hearing on the petition.

---

[3] "The waiver of a defendant's right to be physically or remotely present may be in writing and filed with the court or, with the court's consent, may be entered personally by the defendant or by the defendant's counsel of record." (§ 977, subd. (b)(2).)

II

DISCUSSION

## A. *Mootness*

Generally, an appeal is moot if the reviewing court is unable to grant the appellant any effectual relief. (*People v. DeLeon* (2017) 3 Cal.5th 640, 645.) Though Rubalcava has been paroled, he contends his appeal is not moot because his credits for time served will be applied to his parole term if he is resentenced. The Attorney General's office agrees with Rubalcava, as do we.

Section 1172.1, subdivision (a)(1), states that "[w]hen a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . . , the court may, . . . at any time upon the recommendation of the secretary . . . recall the sentence . . . previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." If a defendant is resentenced, "[c]redit will be given for time served." (§ 1172.1, subd. (a)(5).) Section 1172.1 does not specify whether this credit applies to parole terms, so, we must interpret this portion of the statute.

Under "generally applicable statutes governing presentence custody credits, primarily section 2900.5, . . . a defendant's presentence custody credits 'shall be credited upon his or her term of imprisonment,' which includes, as relevant here, 'any period of imprisonment and parole . . . .'" (*People v. Steward* (2018) 20 Cal.App.5th 407, 414 (*Steward*).)

For example, in *Steward*, the court granted the defendant's petition for resentencing under section 1170.18, subdivision (a). (*Steward*, *supra*, 20 Cal.App.5th at p. 412.) The defendant was resentenced to eight years. Since he had more than eight years of custody credits, he was placed on postrelease community supervision

4

(supervision). (*Ibid.*) The defendant argued his supervision term should also be reduced by his custody credits. (*Ibid.*) In analyzing this argument, the court determined the generally applicable sentencing statutes applied because section 1170.18 was silent as to whether custody credits applied to a term of supervision. (*Id.* at pp. 415-417.)

Similar to *Steward*, section 1172.1 is silent as to whether custody credits are applied to the petitioner's parole term. Put differently, nothing in the statute indicates the generally applicable sentencing statutes referenced above do not apply. Thus, we conclude these general sentencing statutes apply to section 1172.1, and Rubalcava's custody credits will be applied to his parole term if he is resentenced. (*Steward*, *supra*, 20 Cal.App.5th at pp. 415-417.)

This conclusion is bolstered by the text of section 1172.1, subdivision (a)(1), which specifies the court may recall and resentence the defendant "whether or not the defendant is still in custody." This language indicates resentencing is not moot after a defendant is released from custody. We can infer the Legislature stated resentencing can occur after release from custody because it intended for any remaining custody credits following resentencing to be applied to a defendant's parole term.

B. *Waiver of Right to be Present at Hearing*

Rubalcava asserts he had a constitutional right to be present at the hearing on the petition and nothing in the record shows he gave a valid waiver of this right. The Attorney General's office concedes these points but contends Rubalcava's absence at the hearing was not prejudicial. We agree with the uncontested points and also find Rubalcava was prejudiced.

""""A defendant has the constitutional right to be personally present in court 'where necessary to . . . allow him to participate at a critical stage and enhance the fairness of the proceeding.'" [Citations.] The right is guaranteed by the Sixth and Fourteenth Amendments to the federal Constitution, as well as article 1, section 15 of the

5

California Constitution. [Citation.] The state constitutional right to be present is generally coextensive with the federal due process right.'" (*People v. Quan* (2023) ___ Cal.App.5th ___, ___ [2023 WL 6837049 at p. *5] (*Quan*).)

"Sentencing and resentencing hearings are critical stages in a criminal proceeding. [Citations.] Courts have consistently held that a defendant has a right to be present at proceedings that are 'akin to a plenary sentencing hearing.' [Citation.] This includes proceedings necessary to determine factual questions bearing on the defendant's *eligibility* for resentencing." (*Quan*, *supra*, 2023 WL 6837049 at p. *5, italics added.) "The defendant's presence is required when the court must make fact-bound determinations as it exercises its sentencing discretion . . . ." (*Ibid*.)

For example, in *People v. Simms* (2018) 23 Cal.App.5th 987, 990 (*Simms*), the petitioner filed a resentencing petition under section 1170.18 to have prior felonies for grand theft and burglary reduced to misdemeanors. The petitioner was not present at the hearing. (*Ibid.*) In his absence, the trial court found him ineligible for resentencing because he failed to show the stolen property at issue was valued at $950 or less. (*Ibid*.) On appeal, the defendant argued he had a constitutional right to be present at the hearing, which he had not waived. (*Id*. at p. 996.)

The appellate court agreed. It held that where "a factual contest bearing on eligibility for [resentencing relief under section 1170.18] requires that an evidentiary hearing be held, . . . the petitioning defendant has a right to be present, absent a valid waiver." (*Simms*, *supra*, 23 Cal.App.5th at p. 998.) It concluded, "[b]ecause determination of whether '"the value of the property [the petitioner] stole disqualifies him from resentencing under [section 1170.18] . . . is a factual finding"' [citation] that was made here in contested proceedings, and because he did not waive his right to attend those proceedings, we must conclude his constitutional and statutory right to be present was violated." (*Id*. at p. 997.)

6

Under section 1172.1, subdivision (a)(8), "[r]esentencing shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." Where the resentencing request is made by the Secretary, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety . . . ." (§ 1172.1, subd. (b)(2).) Thus, when considering a resentencing request made by the Secretary under section 1172.1, as is the case here, the court can only deny the petition if it makes a factual finding that the petitioner poses an unreasonable risk of danger.

Further, section 1172.1 lists certain factors courts must take into consideration when evaluating a resentencing petition. Courts must consider whether the petitioner (1) has experienced any psychological, physical, or childhood trauma, (2) was the victim of intimate partner violence or human trafficking prior to or at the time of the offense, or (3) under the age of 26 when the offense was committed. And, if any of these circumstances are met, the court must consider whether they "were a contributing factor in the commission of the offense." (§ 1172.1, subd. (a)(4).) Courts may also consider postconviction factors such as the petitioner's disciplinary record and record of rehabilitation and evidence that shows defendant's reduced risk of future violence or changed circumstances since original sentencing that show "continued incarceration is no longer in the interest of justice." (§ 1172.1, subd. (a)(4).)

In short, resentencing hearings under section 1172.1 will typically require the resolution of numerous factual issues to determine a petitioner's eligibility. Thus, as in *Simms*, a defendant has the constitutional right to be present at any section 1172.1 hearing that resolves such factual issues. (*Simms*, *supra*, 23 Cal.App.5th at p. 998.) Such is the case here. The trial court denied the petition on grounds Rubalcava posed an unreasonable risk to public safety. In making this finding, the court considered several categories of evidence at the hearing, including Rubalcava's gang history, criminal

7

record, and postconviction activities (that generally showed Rubalcava had an exemplary record while in prison). Because the hearing involved the resolution of a disputed factual issue, i.e., whether Rubalcava posed an unreasonable risk, he had a constitutional right to be present at the hearing absent a valid waiver.[4]

The only evidence in the record showing Rubalcava waived his right to be present are his counsel's statements that he had authority to appear on Rubalcava's behalf under section 977. As the Attorney General's office concedes, this is insufficient to establish Rubalcava gave a knowing, voluntary, and intelligent waiver of the right. (*Quan*, *supra*, 2023 WL 6837049 at pp. *6-7.)

The violation of Rubalcava's constitutional right to be present "may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding." (*Simms*, *supra*, 23 Cal.App.5th at p. 998.) We cannot make such a conclusion. Among the court's concerns at the hearing was whether Rubalcava was still involved in a gang. The prosecution argued he was "still a known gang affiliate in prison" with a history of firearm offenses, and that releasing him would create an unreasonable risk. While Rubalcava's case summary and evaluation report (the report) stated he was "'a *suspected* affiliate'" of a gang, there was no other evidence introduced at the hearing showing he still had gang ties.

Further, Rubalcava's counsel was not able to effectively rebut the report's suspicions of gang affiliation. Counsel could only argue that it could be inferred from the record that Rubalcava was no longer gang affiliated because he was housed in a low security area of the prison and had completed a substantial amount of programming in

---

[4] A defendant may not have a constitutional right to be present at a hearing on a section 1172.1 petition that is decided as a matter of law on an unopposed basis. (*Simms*, *supra*, 23 Cal.App.5th at p. 998 ["Where the issue of eligibility [for resentencing under section 1170.18] is decided on an unopposed basis, we have no quarrel with the idea that 'a represented defendant has no constitutional or statutory right to be present to address purely legal questions or where his or her "presence would not contribute to the fairness of the proceeding"'"].) But this issue is not before us.

8

prison.  But without any direct evidence to contradict the report, the court inferred Rubalcava was still a gang affiliate.

We are persuaded by Rubalcava's argument that had he been present, he could have addressed the court's concerns regarding his suspected gang association.  As this Division previously stated in *Quan*, "[w]e cannot say with confidence that [Rubalcava's] testimony could never have changed the trial judge's findings.  The '"trial court may, or may not, have chosen to believe what [Rubalcava] might have said, if he said anything, but we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome."'"  (*Quan*, *supra*, 2023 WL 6837049 at p. *8.)

Since Rubalcava was deprived of his right to testify at the hearing, we will not address whether the court abused its discretion in denying the petition.


III

DISPOSITION

We reverse the trial court's postjudgment order denying Rubalcava's section 1172.1 petition for resentencing.  The matter is remanded with directions for the trial court to hold a new hearing on Rubalcava's petition.  Rubalcava must either be present at that hearing or provide a knowing, voluntary, and intelligent waiver of his presence.


MOORE, ACTING P. J.

WE CONCUR:


GOETHALS, J.


SANCHEZ, J.

9