Filed 2/13/24  P. v. Jolivette CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PAUL PATRICK JOLIVETTE,<br><br>        Defendant and Appellant. | A167029<br><br>(Solano County<br>Super. Ct. No. FCR211674) |

Defendant Paul Patrick Jolivette appeals an order entered after he petitioned for resentencing under former Penal Code section 1171.1.[1]  He makes three contentions:  that the trial court erred in holding the resentencing hearing in his absence; that the court failed to exercise its discretion in imposing a new sentence; and that the court erroneously failed to recalculate his presentence credits.  We conclude that the record does not show defendant validly waived his presence at the hearing and that the error was not harmless beyond a reasonable doubt.  We therefore remand for a new resentencing hearing.

---

    [1] All statutory references are to the Penal Code.  Effective June 30, 2022, 1171.1 was renumbered to section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12; see *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, fn. 2.)  We will refer to section 1172.75.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

*Verdicts and Original Sentence*

Defendant committed multiple sexual offenses over a period of approximately nine months in 2003, during which he repeatedly sexually molested his 13- or 14-year-old niece. The facts underlying his convictions are set forth in a prior opinion of this division affirming the ensuing judgment, and we will not recite them here. (*People v. Jolivette* (May 23, 2007, A112351) [nonpub. opn.].) In 2005, defendant was convicted of one count of exhibiting harmful matter to a minor with the intent of seduction (§ 288.2, subd. (a)), one count of sexual penetration by a foreign object with force and violence (§ 289, subd. (a)(1)), three counts of forcible rape (§ 261, subd. (a)(2)), one count of false imprisonment by violence (§ 236), and one count of performing a lewd act on a child (§ 288, subd. (c)(1)). The trial court found true allegations pursuant to section 667.5, subdivision (b) of prior convictions for grand theft (§ 487) and felony spousal abuse (§ 273.5, subd. (a)).

The trial court sentenced defendant to 27 years in prison: the midterm of six years for penetration with a foreign object, a consecutive eight months (one-third the midterm) for exhibiting harmful matter, the midterm of six years for each count of rape, to run consecutively, consecutive terms of eight months (one-third the midterm) for false imprisonment and performing a lewd act on a child, and an additional one year under section 667.5, subdivision (b) for a prior prison term.

*Motion for Resentencing*

In 2021, the Legislature passed section 1171.1 (now section 1172.75), which provides that, with certain exceptions, sentence enhancements imposed under section 667.5, subdivision (b), are invalid, and which

2

establishes a procedure for resentencing current inmates who are serving a term that includes such an enhancement.  (§ 1172.75; see Stats. 2021, ch. 728, § 3.)

Defendant moved for resentencing under this provision on August 15, 2022.  He argued the one-year enhancement under section 667.5, subdivision (b), should be stricken under section 1172.75, subdivision (a), that he was eligible for full resentencing, and that during his incarceration he had matured and enhanced himself through education and self-help programming.  The People conceded that the one-year enhancement must be stricken, but otherwise opposed the motion, arguing the sentence was appropriate at the time it was imposed, based on the circumstances of the crimes and defendant's behavior immediately afterward.

The trial court struck the one-year enhancement but otherwise denied the motion for resentencing on November 1, 2022.  Defendant has appealed from this order.

## DISCUSSION

At the outset of the November 1, 2022 hearing, defendant's counsel noted that defendant was not present, but rather in custody.  The trial court asked if defendant had a right to be present, and his counsel responded, "I think that given the COVID situation, we were going to just waive his presence for this proceeding."  The court responded, "Understood.  It makes sense.  He'd have to get tested out, tested back in, and it could result in probably some housing adjustments he might not want to endure."  Defendant's counsel replied, "Correct."  The court asked, "So you're comfortable proceeding without him at this point?" and counsel said she was.

Later in the hearing, after the prosecutor pointed out that defendant "technically needs to be resentenced," the trial court asked defendant's

3

counsel if she would like a "more comprehensive procedure done." The court volunteered to "have him appear via Zoom at some later date if you wanted, . . . to get him sort of present on the screen so he can hear what's going on," though the court noted this procedure would require "a form of removal order." Counsel said she was "fine with moving forward today, if that would please the Court." The court then proceeded in defendant's absence, which Defendant contends was prejudicial error.

A criminal defendant has a right guaranteed both by statute and by the federal and state constitutions to be present during all critical stages of a prosecution, a right that encompasses resentencing proceedings. (*People v. Robertson* (1989) 48 Cal.3d 18, 60; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348–349 (*Cutting*); *People v. Simms* (2018) 23 Cal.App.5th 987, 996–997 (*Simms*) [right to be present extends to resentencing]; *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110 [statutory right extends to resentencing]; Cal. Const., Art. 1, § 15; Pen. Code, §§ 977 & 1043.)

The right to be present may be waived. For constitutional purposes, a waiver of the right to be present is valid if it is "knowing, intelligent, and voluntary." (*People v. Cunningham* (2015) 61 Cal.4th 609, 633; *Simms*, *supra*, 23 Cal.App.5th at p. 996.) In 2016, our high court described as "unsettled" the question of whether a waiver of the constitutional right by defense counsel is effective, but has explained that " '[a]t a minimum, there must be some evidence that the defendant understood the right he was waiving and the consequences of doing so.' " (*People v. Mendoza* (2016) 62 Cal.4th 856, 899 (*Mendoza*).) In *People v. Davis* (2005) 36 Cal.4th 510, 531–532, our high court found the evidence insufficient when the record showed only that defense counsel represented to the court that counsel and defendant had discussed the hearing in question, which concerned the admissibility of

4

certain tape recordings, and that the defendant would waive his presence. There was no evidence defense counsel in *Davis* had informed the defendant of his right to attend or that the defendant understood, by absenting himself, he would be unable to contribute to the discussion of the tape recording's contents. (*Id.* at p. 532.)

Since *Davis* was decided, section 977 has been amended to clarify how a defendant may waive the *statutory* right to be present at critical phases of the trial, including imposition of sentence. The version of the statute in effect at the time of defendant's resentencing provided, in pertinent part, that the waiver of a defendant's right to be physically or remotely present may, with the court's consent, be entered by the defendant's counsel, "after counsel has stated on the record that the defendant has been advised of the right to be physically or remotely present for the hearing at issue, has waived that right, and agrees that notice to the attorney that the defendant's physical or remote presence in court at a future date and time is required is notice to the defendant of that requirement." (Former § 977, subd. (b)(2)(B); Stats. 2022, ch. 57, § 12 [effective June 30, 2022].)

We review any *statutory* error under section 977 under the *Watson* standard for prejudice, reversing only if it is " 'reasonably probable a result more favorable to the defendant would have been reached in the absence of the error.' " (*Mendoza*, *supra*, 62 Cal.4th at p. 902, citing *People v. Watson* (1956) 46 Cal.2d 818, 836.) *Constitutional* error regarding a defendant's right to be present, however, is reversible unless harmless beyond a reasonable doubt. (*Mendoza*, at p. 902, citing *Chapman v. California* (1967) 386 U.S. 18, 23.)

In this case, there is no indication that the operative requirements of section 977 were satisfied. That is, counsel did not state on the record that

defendant had been advised of his right to be present, had waived the right, and agreed notice to his counsel of future proceedings would suffice.

A somewhat more complex question is posed by whether there was a waiver that satisfied constitutional requirements. The Attorney General argues that counsel's statement that, in light of COVID restrictions, "we were just going to waive his presence for this proceeding" suggests that she had discussed with defendant whether he wished to be present at the hearing. The Attorney General contends that defendant is bound by his counsel's statement and, through her statement, he invited any error and is barred from raising it now. We find this reasoning entirely unpersuasive. The law is clear that there must be evidence *defendant himself* understood the right he was waiving and the consequences of doing so. (*Mendoza, supra*, 62 Cal.4th at p. 899; accord, *People v. Quan* (2023) 96 Cal.App.5th 524, 535 [despite counsel's representation of authority to appear on defendant's behalf under section 977, no evidence defendant gave knowing, voluntary, and intelligent waiver of right to be present].)

The Attorney General does not argue that the record shows a knowing and intelligent waiver. And we agree with defendant that counsel's use of the pronoun "we" without any clear antecedent ("we were just going to waive his presence for this proceeding") is insufficient to show Jolivette knowingly and intelligently waived his right to be present. We thus conclude defendant was deprived not only of his statutory right to be present at the resentencing hearing, but also of his constitutional right. We must therefore reverse unless the error was harmless beyond a reasonable doubt. (*Mendoza, supra*, 62 Cal.4th at p. 902.)

That standard is not met here. Section 1172.75, subdivision (c) requires the trial court, when presented with a person eligible for relief, to

6

"recall the sentence and resentence the defendant." The resentencing must result in a lesser sentence than that originally imposed unless the court finds that it would endanger public safety, but it may not result in a longer sentence. (§ 1172.75, subd. (d)(1).) When resentencing, the court must apply the sentencing rules of the Judicial Council, as well as any other changes in law that reduce sentences or increase judicial discretion. (§ 1172.75, subd. (d)(2).) And the statute expressly authorizes the court, upon resentencing, to consider such postconviction factors as the defendant's disciplinary record, record of rehabilitation during incarceration, and evidence of changed circumstances indicating that further incarceration would not serve the interest of justice. (§ 1172.75, subd. (d)(3).) It thus appears that section 1172.75 falls within the general rule that "when a sentence is subject to recall, 'the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall.' " (*People v. Coddington* (2023) 96 Cal.App.5th 562, 568; see *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"].)

Consistent with this authorization, defendant asserted in his motion for resentencing that he had matured and worked to be able to re-enter society successfully, and that his prison record showed "his achievements in enhancing himself vocationally, educationally, spiritually, and emotionally through education and self-help programming." In opposition, the People argued below that "[n]othing in the record shows a change in the aggravating or mitigating circumstances" supporting the original sentence. If defendant had been present at the hearing, he might have "offered mitigating factors that arose after his original sentencing; he [might] have expressed remorse;

7

he [might] have made a plea for leniency." (*Cutting*, *supra*, 42 Cal.App.5th at p. 350; accord, *People v. Velasco* (2023) 97 Cal.App.5th 663, 674.)  On this record, we cannot say beyond a reasonable doubt that any such effort would have been futile.  The matter must therefore be remanded for a new resentencing hearing at which defendant is present, unless he makes a proper waiver.

Because we are remanding for a new resentencing at which the trial court will exercise its discretion anew and defendant may ask the court to recalculate his custody credits (see *People v. Dean* (Jan. 31, 2024, A166863) __ Cal.App.5th __), we need not consider defendant's remaining contentions.

## DISPOSITION

The November 1, 2022 order is reversed.  The matter is remanded for the trial court to conduct a new resentencing hearing in accordance with the views expressed in this opinion.  After doing so, the court shall prepare an amended abstract of judgment and forward a copy to the California Department of Corrections and Rehabilitation.


TUCHER, P.J.


WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.


*People v. Jolivette* (A167029)