Filed 1/28/25  P. v. Johnson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LACEDRIC JOHNSON,<br><br>        Defendant and Appellant. | A170773<br><br>(San Mateo County Super. Ct. No. SC036915A) |

Lacedric Johnson appeals from a postconviction order denying his petition for resentencing under Penal Code[1] sections 1170.91, 1172.1, and 1172.75.  His appointed appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and Johnson subsequently filed a supplemental brief on his own behalf challenging the court's order regarding his section 1172.75 claim.[2]  For the reasons set forth below, we affirm the order.

---

[1] All undesignated statutory references are to the Penal Code.

[2] On January 6, 2025, Johnson filed a second supplemental brief, which restated and expanded on the same arguments raised in his initial supplemental brief.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1996, a jury found Johnson guilty of carjacking (count 1) and assault with a firearm (count 2).  The jury also found true sentencing enhancements for personal use of a firearm and infliction of great bodily injury, and the court found true a prior serious felony offense and prior prison term enhancements.  The trial court sentenced Johnson to a total term of 36 years in state prison, which was comprised of (1) nine years on count one, doubled, (2) ten years for the personal use of a firearm enhancement, (3) three years for the infliction of great bodily injury enhancement, (4) five years for a prior conviction for a serious or violent felony, and (5) a concurrent term of four years on count 2, doubled.  No sentence was imposed for the prior prison term enhancement, as it was either stayed or stricken.

In 2022, Johnson filed a petition for resentencing.  He requested the court strike his prior prison term enhancement under section 667.5, subdivision (b) (section 667.5(b)) because "it is now an illegal conviction."  The district attorney opposed the motion on the basis that the court did not impose a sentence in connection with the prior prison term enhancement.  At the hearing, the parties agreed "there was no [section] 667.5(b) prior," and the prosecutor noted the"[d]efense wanted it stricken for all purposes, and I don't have a problem with that if the Court is willing to do that.  It would leave the original sentence."  Defense counsel requested the court issue "a new abstract" with "all the other terms being the same."  The court granted the petition and struck the prior prison term enhancement.

In 2024—with only ten months remaining in his sentence—Johnson filed a petition to recall his sentence pursuant to the veteran's resentencing

statute, section 1170.91, as well as sections 1172.1 and 1172.75.[3]  As relevant to this appeal, Johnson alleged he was (1) denied the right to be present at the prior resentencing hearing, and (2) entitled to a full resentencing under section 1172.75 after the court struck his prior prison term enhancement. The district attorney opposed the petition on the basis that Johnson lacked standing to seek resentencing pursuant to section 1172.75 because his section 667.5(b) enhancement was stricken and had never been imposed.

The court denied the resentencing petition under section 1172.75.  The court acknowledged Johnson was not present, but concluded the enhancement was already stricken in 2022 so it would not "entertain resentencing on that."

Johnson timely appealed.  His appointed appellate counsel filed a brief under *Delgadillo*.  We gave Johnson notice that he had a right to file a supplemental brief or his appeal could be dismissed.  (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)  Johnson filed a supplemental brief alleging (1) the 2022 resentencing hearing on his invalid section 667.5(b) enhancement occurred without proper notice to him in violation of his 6th and 14th Amendment rights, (2) he was entitled to a full resentencing hearing after the section 667.5(b) enhancement was stricken, and (3) the trial court erred in denying his 2024 resentencing motion when it refused to reconsider the 2022 decision.

## DISCUSSION

Johnson asserts errors in connection with both the 2022 and 2024 resentencing hearings.  Regarding the 2022 hearing, Johnson contends the

---

[3] The record indicates Johnson may have filed and served a petition under section 1170.91 in 2022, but it is silent as to the outcome of that petition.  Johnson's 2024 petition states the trial court never addressed his earlier petition.

3

trial court was required to provide him with a full resentencing hearing after it struck the invalid enhancement under section 1172.75, but it failed to do so. Johnson also asserts he was unable to advocate for his right to resentencing because the hearing occurred without him present, in violation of his 6th and 14th Amendment rights. Finally, Johnson contends the trial court erred in his 2024 resentencing hearing by refusing to reconsider the validity of the 2022 resentencing order.

## I. Relevant Statutory Framework

"Section 1172.75, subdivision (a) provides that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' Once the California Department of Corrections and Rehabilitation identifies those persons 'currently serving a term for a judgment that includes an enhancement described in subdivision (a)' to the sentencing court, 'the court shall recall the sentence and resentence the defendant.' (§ 1172.75, subds. (b) & (c).)" (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*).)

"The resentencing 'shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.' (§ 1172.75, subd. (d)(1).) In resentencing, '[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' (§ 1172.75, subd. (d)(2).) 'The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished

physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' (§ 1172.75, subd. (d)(3).) 'Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' (§ 1172.75, subd. (d)(4).)" (*Monroe, supra*, 85 Cal.App.5th at p. 399.)

## II. Analysis

Johnson has raised serious concerns regarding his 2022 resentencing hearing. Most notably, " 'a criminal defendant has a right to be personally present at certain pretrial proceedings and at trial under various provisions of law, including the confrontation clause of the Sixth Amendment to the United States Constitution [and] the due process clause of the Fourteenth Amendment to the United States Constitution . . . .' [Citation.] That right extends to sentencing and resentencing proceedings . . . ." (*People v. Simms* (2018) 23 Cal.App.5th 987, 996.) Johnson contends he was not aware of or present at the 2022 resentencing hearing, and the district attorney appears to concede that fact.[4]

Johnson also asserts the trial court's 2022 resentencing order, which struck his section 667.5(b) enhancement, was insufficient to comply with section 1172.75, and he was entitled to a full resentencing hearing. Johnson

---

[4] We note the minute order from the 2022 hearing lists Johnson as "present" at the 2022 hearing. The parties do not discuss this discrepancy. We need not resolve this fact issue because it is not material to our resolution of the appeal.

asserts he was entitled to such a hearing despite the fact his section 667.5(b) enhancement was listed as either stayed or stricken on the original abstract of judgment.

Appellate courts are currently divided on whether section 1172.75 applies to prior prison term enhancements that are contained within the abstract of judgment but whose execution has been stayed or stricken. (Compare *People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987 ["[W]e conclude that section 1172.75 should be interpreted according to the ordinary meaning of the word 'impose' and therefore applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck."]; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282 ["As the Supreme Court has observed, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed*." ' "] with *People v. Rhodius* (2023) 97 Cal.App.5th 38, 44–45, 47–48, review granted Feb. 21, 2024, S283169 [interpreting the term " 'imposed' " in section 1172.75 to mean an enhancement that was " 'imposed and executed.' "].)

We need not resolve these issues as Johnson has failed to timely challenge the 2022 sentencing order and the trial court did not err in refusing to reconsider that order.

Despite the concerns raised by Johnson regarding his 2022 resentencing hearing, any errors regarding that hearing and subsequent order are not before us. Johnson did not timely appeal from the 2022 resentencing order, even after he learned about the hearing and order in 2023. Instead, the only order at issue in this appeal—filed in June 2024—relates to his 2024 resentencing hearing. (See Cal. Rules of Court, rule

6

8.304(a)(4) [notice of appeal must "identif[y] the particular judgment or order being appealed."].)

Moreover, at the time of the 2024 resentencing hearing, his section 667.5(b) enhancement had been stricken for all purposes and was no longer part of his record of conviction.  Accordingly, in 2024, Johnson did not have any right to resentencing under section 1172.75 because he not "serving a term for a judgment that includes [a section 667.5(b)] enhancement."  (See § 1172.75, subd. (b).)  The trial court thus did not err in refusing to order a new resentencing hearing under section 1172.75.

## DISPOSITION

The order is affirmed.

_____
PETROU, J.

WE CONCUR:


_____
FUJISAKI, ACTING P. J.


_____
RODRÍGUEZ, J.


A170773/*People v. Johnson*